[54 NYS3d 442]

In the Matter of RICHARD C. MOONEY, an Attorney, Respondent.

Second Department, May 10, 2017

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

**OPINION OF THE COURT**

Per Curiam.

By order of the New Hampshire Supreme Court dated April 4, 2016, the respondent was immediately suspended from the practice of law in New Hampshire pending resolution of four disciplinary matters. On September 20, 2016, the New Hampshire Supreme Court Professional Conduct Committee (hereinafter PCC) filed with the New Hampshire Supreme Court a recommendation that the respondent be disbarred. The recommendation was based upon a stipulation signed by the respondent in which he admitted that he violated numerous rules of professional conduct and conceded that disbarment was the appropriate sanction for his misconduct. Thereafter, an order was issued by the New Hampshire Supreme Court notifying the respondent and disciplinary counsel of the PCC recommendation and affording them the opportunity to advise the court of any legal or factual issues relating to the PCC recommendation. No response to the order was filed by the respondent.

As reflected in an order of the New Hampshire Supreme Court dated December 30, 2016, the PCC found that the respondent violated the following New Hampshire Rules of Professional Conduct:

> "1. Rule 1.2, which generally requires a lawyer to abide by a client's decisions concerning the objectives of representation and to consult with the client as to the means by which they are pursued;
>
> "2. Rule 1.5, which prohibits a lawyer from charging or collecting an unreasonable fee;
>
> "3. Rule 1.15, which requires a lawyer to safeguard the property of clients or third persons in his possession, and Supreme Court Rules 50, which establish requirements for lawyer trust accounts;
>
> "4. Rule 3.3, which prohibits a lawyer from making false statements of fact or law to a tribunal;
>
> "5. Rule 3.4 (c), which prohibits a lawyer from knowingly disobeying an obligation under the rules of a tribunal;
>
> "6. Rule 8.1 (b), which prohibits a lawyer from knowingly failing to respond to a lawful demand for information from a disciplinary authority;

"7. Rule 8.4 (b), which makes it professional misconduct to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;

"8. Rule 8.4 (c), which prohibits a lawyer from engaging in conduct involving deceit, dishonesty, or misrepresentation; and

"9. Rule 8.4 (a), which prohibits a lawyer from violating the Rules of Professional Conduct."

Upon review of the "Stipulation to Disbarment," the PCC's recommendation, and "[a]fter considering the nature, seriousness, and extent of [the respondent's] misconduct, the court conclud[ed] that disbarment [was] the appropriate sanction." By order of the New Hampshire Supreme Court dated December 30, 2016, the respondent was disbarred from the practice of law in that state.

Although the respondent was duly served with this Court's order to show cause dated January 20, 2017, he has neither interposed any response thereto nor requested additional time to respond. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Based on the misconduct underlying the respondent's disbarment by order of the New Hampshire Supreme Court dated December 30, 2016, we conclude that reciprocal discipline is warranted and, effective immediately, the respondent is disbarred from the practice of law.

Eng, P.J., Mastro, Rivera, Dillon and Austin, JJ., concur.

Ordered that pursuant to 22 NYCRR 1240.13 (c), effective immediately, the respondent, Richard C. Mooney, is disbarred from the practice of law, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Richard C. Mooney, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard C. Mooney, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice

in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Richard C. Mooney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).